

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00073-CR

———————————————

RICHARD VASQUEZ, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 1833898

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

After Appellant Richard Vasquez initiated this appeal from his conviction, he filed a motion in the trial court to "withdraw[] his notice of appeal,"[1] stating that he had "decided to accept the judgment[] in this case and waive his right to appeal." [Capitalization altered.] In light of Vasquez's decision, the trial court signed an amended certification to reflect that "the defendant ha[d] waived the right of appeal." *See* Tex. R. App. P. 25.2(a)(2), (d) (requiring trial court to enter certification clarifying the defendant's right of appeal).

Because criminal appeals "must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record," Tex. R. App. P. 25.2(d), we informed Vasquez that we may dismiss his appeal unless, within ten days, he showed grounds for continuing it, *see* Tex. R. App. P. 44.3. More than ten days have passed, and Vasquez has not responded.

Accordingly, we dismiss this appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 22, 2025

---

[1]Vasquez did not file a motion to dismiss in this court. *See* Tex. R. App. P. 42.2(a) (authorizing an appellate court to dismiss a criminal appeal if the appellant files a compliant motion to dismiss "[a]t any time before the appellate court's decision").